[No. 12983.   In Bank. — September 2, 1889.]

# H. HUBBARD, RESPONDENT, *v.* FRANK DUSY ET AL., APPELLANTS.

BOUNDARY — TOWNSHIP LINE — UNITED STATES SURVEY — MONUMENTS — FIELD-NOTES. — Monuments fixed by a United States surveyor upon the boundary line between two townships at the time of the original survey will control the field-notes of the survey taken at the time the monuments were erected, and will control the field-notes or courses and distances of any subsequent survey. Such monuments, if identified by the proof, are the best evidence of where the line should be. As between different lines of monuments, those best identified by the evidence should prevail; but in the absence of monuments, the field-notes of the survey would govern and determine the true line; and if two lines of monuments or supposed monuments are so located as to render it doubtful which is the true line, then, other things being equal, the line of monuments most nearly conforming to the field-notes should prevail.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wharton & Short*, for Appellants.

*S. J. Hinds*, for Respondent.

The COURT. — Action of ejectment tried by a jury. Verdict and judgment for plaintiff. Defendants appeal from the judgment, and from an order denying their motion for a new trial.

The determination of the issue depended solely upon the true location of a line of the government survey between townships 14 and 15 south, Mount Diablo base and meridian, it being admitted that the plaintiff owned the demanded premises described in his complaint as the south half of the southeast quarter of section 31, township 14 south, range 22 east, Mount Diablo base and meridian, lying immediately north of and adjoining the northeast quarter of section 6, township 15 south, but denied that it included the land in dispute, it being claimed by defendants that the land in dispute is a part of the northeast quarter of section 6, township 15.

The statement on motion for new trial shows that evidence was introduced and witnesses examined tending to prove the allegations of the complaint, and that the land in dispute was within the south half of the quarter-section owned by plaintiff, but does not state the evidence or testimony thus tending to prove plaintiff's case. The statement also shows that evidence was introduced on the part of the defendants tending to prove the denials and allegations of their answer, and that the land in dispute was in the northeast quarter of section 6, township 15, "including a duly certified copy of the original field-notes of the United States government survey of the south boundary line of township 14 south, range 22 east, Mount Diablo meridian," but contains no other statement of the evidence tending to prove the defense.

The only questions presented for decision relate to the propriety of the instructions given to the jury as to the effect of the field-notes of the government survey as evidence of the true location of the township line.

At request of plaintiff's counsel, the court gave to the jury, among others, the following instructions:—

"1. Evidence has been introduced by plaintiff tending to prove the existence of a monument fixed by the United States survey at the southeast corner of section 31, and also evidence tending to prove a like monument at the southwest corner of the land claimed by Mr. Hubbard on the middle south line of said section 31.

"Now, the court instructs you that if you believe from the evidence that these two monuments have been established by plaintiff, and the disputed land is north of said monument, as claimed by plaintiff, then said evidence is not overcome by any field-notes of the original survey taken at the time said monuments were found to have been erected; nor will such evidence be overcome by the field-notes, or courses, or distances of any subsequent survey.

"When there are complicated descriptions of a line dividing two sections or two quarter-sections of land, that one must be adopted which is most stable and certain, and which is more in conformity with the monuments established by the United States government survey, and which would be least likely to mistake or affected by error.

"2. Monuments left by the United States survey on the grounds are the best evidence as to where the land should be, and any monument so established can only be antagonized by evidence of other monuments. As between different monuments, the jury should look to the evidence identifying them, and those monuments best identified should prevail, independent of anything even in the field-notes of the original or any subsequent survey."

At the request of the defendants' counsel, the court gave, among others, the following, except that the third, as requested, did not contain the words "other things being equal," which were inserted by the court as an amendment to the instruction, as requested:—

"1. The court instructs you that you are to find where

the true corners are located on the line in dispute, not from any isolated part of the testimony, but from a full and careful consideration of all of the testimony relative thereto.

" 2. I further instruct you that in the absence of monuments the field-notes would govern and determine the true line.

" 3. I further instruct you, in case there are two lines of monuments, or supposed monuments, so located as to render it doubtful which is the true line of government monuments, then, other things being equal, the monuments, or line of monuments, most nearly conforming to the field-notes would be most likely to be, and would be considered to be, the true government corner or corners."

Counsel for appellants contend that the court erred in giving the first and second instructions requested by plaintiff, and in refusing the third instruction as requested by defendants, and in giving it as amended by the court, for the reason that each of these instructions denied to the field-notes of the government survey proper and lawful effect as evidence tending to prove the location of said township line as actually surveyed by the government of the United States.

We have examined the instructions complained of, and are of opinion that they fairly and correctly directed the jury as to the law bearing on the case.

Judgment and order affirmed.

McFARLAND, J., dissented.