[No. 907. Decided October 24, 1893.]

PACIFIC CADEAU AND ROSETTE CADEAU, *Appellants*, v.
R. C. A. AND CHLORIS ELLIOTT, *Respondents*.

BOUNDARIES — CONFLICT BETWEEN FIELD NOTES AND MONUMENTS.

The true corners for a donation claim are where the United
States surveyor established them, notwithstanding their location
may not be such as designated in the plat or field notes; but proof
of such actual establishment at places other than indicated by the
field notes must be clear and convincing.

*Appeal from Superior Court, Wahkiakum County.*

*J. Bruce Polwarth*, and *John H. Smith*, for appellants.
*Thomas N. Strong*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — This was an action brought by plaintiffs
to establish a boundary line between the north and south
halves of the Laban Stillwell donation claim, in Wahkia-
kum county, owned by plaintiffs and defendants, respect-
ively.     There are really no questions of law to be decided
in this case, for the proposition contended for by appellants,
viz., that the true corner is where the United States
surveyor established it, notwithstanding its location may
not be such as designated in the plat or field notes, is ele-
mentary, and in fact is conceded by the respondents; and
it is also undoubtedly true that though neither course, dis-
tance or computed contents agree with the monument, yet
the monument must prevail.     But this presumes the fact
that the monument, or actually established corner, is defi-
nitely ascertained.     If any credit at all is to be given the
plats and field notes, the presumption must attach that the
corners have been established at the places indicated by
such field notes; so that the burden is upon him who dis-

putes their correctness.    But where, as in this case, the establishment of the corner as claimed by the appellants does not accord with the field notes of the goverment surveyor, and does not accord with the section lines in adjoining sections, and will establish the claim in an irregular shape, the proof of such actual establishment must be clear and convincing.

We have examined all the testimony in the case, including the report of the commissioner, and the testimony of appellants' witnesses submitted in court after the filing of the report, and from such testimony are unable to conclude that appellants have established the fact that the stake which they claim to be a monument was a monument made by the government surveyor, and under all the circumstances as shown by the testimony we are inclined to adopt the view of the commissioner, that the crab apple stake which was testified to was placed there and the bearing or witness trees were marked by some subsequent surveyor.    Consequently we will not disturb the judgment of the court below on questions of fact.

We think, however, that this case falls plainly under the provisions of title 9, chap. 8, Code Proc., and that an equitable apportionment of the costs in this case would have been an equal division, and as the proposition is now before us for adjustment, the judgment of this court will be that the judgment of the lower court will be modified to the extent of taxing the costs equally between the appellants and the respondents, and as so modified it will be affirmed.    The respondents will recover costs in this court.

ANDERS, STILES, HOYT and SCOTT, JJ., concur.