Decided at PENDLETON, July 20, 1895.

## ROBINSON v. LAURER.

[40 Pac. 1012.]

1. BOUNDARIES—CONFLICT BETWEEN FIELD NOTES AND MONUMENTS.—In the determination of a boundary line the field notes must yield to the official survey made on the ground, when the original monuments or the points at which they were placed to mark such boundary line are discoverable.*

2. COMMISSION TO LOCATE DISPUTED BOUNDARY — CODE, ₰ 508.— Under Hill's Code, ₰ 508, requiring the court, at the time of entering a decree locating a boundary, to appoint a commission to mark out on the ground the

*Previous decisions of this court on the question here considered are *Lewis* v. *Lewis,* 4 Or. 177, *Goodman* v. *Myrick,* 5 Or. 65, *Raymond* v. *Coffee,* 5 Or. 135, (all these three cases are cited with approval *arguendo* in *Weiss* v. *Oregon Iron and Steel Company,* 13 Or. 497,) *Anderson* v. *McCormick,* 18 Or. 301, *King* v. *Brigham,* 19 Or. 560, *Hale* v. *Cottle,* 21 Or. 580, *Vandusen* v. *Shively,* 22 Or. 64, *Kanne* v. *Otty,* 25 Or. 537. With the cases of *Johnson* v. *Archibald,* 22 Am. St. Rep. 34, and *City of Racine* v. *Emmersen,* 39 Am. St. Rep. 825, will be found valuable notes reviewing and classifying a great many authorities on this question.—REPORTER.

boundary as ascertained by the court, it is error not to appoint such commission, though the evidence showed that the boundary was already plainly indicated by a fence.

APPEAL from Umatilla: JAMES A. FEE, Judge.

This is a suit by Mark S. Robinson against Fred Laurer to ascertain and locate the common boundary between the northwest quarter of section eleven in township five north of range thirty-six east, in Umatilla County, owned by the plaintiff, and the south half of the southwest quarter of section two in said township, the property of defendant. The complaint contains the allegations necessary to give the court jurisdiction, and prays that the boundary may be established on a line twenty rods north of a certain fence claimed to be on plaintiff's land. The defendant denies that the said boundary is uncertain, or that it should be established at any other place than along the said fence, which he alleges is located on the line of the original survey. A reply having put in issue the allegations of new matter contained in the answer, the case was referred to R. M. Turner, Esq., who, having taken the evidence, found the fence to be on the boundary line between said premises, and that the complaint should be dismissed. The court confirmed the report of the referee to that effect, and rendered a decree dismissing the suit, from which the plaintiff appeals.                    MODIFIED.

For appellant there was a brief by *Messrs. Bailey, Balleray and Redfield,* and an oral argument by *Mr. J. J. Balleray.*

For respondent there was a brief by *Messrs. Leasure and Stillman,* and an oral argument by *Mr. A. D. Stillman.*

Opinion by MR. JUSTICE MOORE.

1.    The evidence shows that monuments are placed at
the northwest corner of section two and the southwest
corner of section eleven, as originally set by the govern-
ment surveyor, and that, measuring from these points,
the said fence is about twenty rods south of the section
line as evidenced by the government field notes; that no
stake or mound could be found at the northwest corner
of section eleven, or at the quarter post on the north side
of said section as indicated by the field notes, but that
such stakes and mounds are found and have been known
to exist for about twenty years at the east and west ends
of the fence line; that upon surveyors, in the presence of
others, digging into these mounds just before this suit
was commenced they recovered the ends of stakes which
were much rotted and indicated that they had been there
many years.    The evidence in our judgment shows that
these stakes were the ones originally set by the govern-
ment surveyor, and the points at which these monuments
were placed must control in ascertaining the true bound-
ary.    The object of the field notes is to furnish a record
by means of which the lines can be retraced, and it is
presumed that the record so made furnishes a history of
the survey, (*Codeau* v. *Elliott,* 7 Wash. 205,) but where the
original monuments or the points at which they were
placed are discoverable, the field notes must yield to the
official survey made ·upon the ground.    There being a
conflict between the field notes and the survey, the bur-
den was upon the defendant to show that the stakes set
at the points indicated were the monuments of the orig-
inal survey, and we think he has fully established this
fact.

2.    It is contended that the court erred in dismissing
the suit, and in not appointing a commission to locate the
line upon the ground.    The statute (section 508, Hill's
Code,) requires the court at the time of entering the de-

cree to appoint a commission whose duty it shall be to mark out upon the ground the boundary as ascertained or determined by the court. The evidence shows that the line was plainly indicated by the fence, and no doubt the court thought the appointment of the commission would entail additional expense and be of no practical benefit; but since the statute requires the appointment of a commission for that purpose, the court erred in neglecting this duty, for which reason the decree must be modified accordingly, and the cause remanded to the court below with instructions to enter a decree fixing the location of the disputed line, and to appoint a commission to mark the boundary as established by the decree.

MODIFIED.

Decided at PENDLETON, July 20, 1895.