[No. 5968. Decided February 7, 1906.]

JAMES STANGAIR, *Appellant,* v. JOHN ROADS, *Respondent.*[1]

BOUNDARIES—ESTABLISHMENT—EVIDENCE. The monuments established by the official surveys control the field notes and other proof of the location of a government corner, but in the absence of other evidence the field notes control.

SAME—EVIDENCE—FIELD NOTES. Where a government corner is lost, and the surveyor who established the corner fifty years ago is unable to explain the many material discrepancies between his own field notes and those returned to his superior officer, the certified copy of the field notes recorded in the surveyor general's office should have greater weight and will not be overturned by evidence of the field notes of the surveyor.

SAME—APPOINMENT OF COMMISSIONERS—DISCRETION. The appointment of commissioners under Bal. Code, § 5668, to establish a disputed boundary, rests in the discretion of the trial court, and is not subject to review on appeal.

SAME—EVIDENCE—DECLARATIONS—COMPETENCY. In an action to establish a disputed boundary, declarations of the appellant's deceased father are inadmissible.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered February 18, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to establish a lost boundary. Affirmed.

*H. C. Leiser* and *E. M. Green,* for appellant.

*A. L. Miller* and *W. W. Sparks,* for respondent.

RUDKIN, J. — This was a proceeding to establish a lost boundary, under Bal. Code, § 5667. A determination of the

1Reported in 84 Pac. 405.

issue between the parties depends solely upon the true location of the northeast corner of the John Stangair donation claim, it being admitted that the respondent owns the land described in his complaint lying immediately to the north of the north line of said donation claim, and the appellant the adjoining land lying immediately to the south of said line. The testimony in the case is uncertain rather than conflicting. The respondent contends that the northeast corner of the Stangair donation claim was originally located 6.54 chains north of the northwest corner of the Wm. F. Crate donation claim; whereas the appellant claims that the original and true location was 9.61 chains north of the northwest corner of said Crate donation claim. The monument established by the United States surveyor at the corner in dispute would be the best and primary evidence of the true location, and would control over field notes or any other class of proof. *Cadeau v. Elliott,* 7 Wash. 205, 34 Pac. 916; *Hubbard v. Dusy,* 80 Cal. 281, 22 Pac. 214; *Knoll v. Randolph,* 3 Neb. (Unof.) 599, 92 N. W. 195; *Clark v. Thornburg,* 66 Neb. 717, 92 N. W. 1056.

It is conceded that all trace of the original monument and survey has been obliterated, and no witness, excepting the surveyor Van Vleet, whose testimony will be referred to presently, pretended to be able to identify the location of the original corner. The respondent offered in evidence a certified copy of the field notes on file and of record in the Surveyor General's office of this state, and it is apparently conceded that a survey made in accordance with these filed notes will establish the disputed corner 6.54 chains north of the northwest corner of the Crate donation claim, as contended for by the respondent.

"Of course, if the location of the corners by the original government survey can be ascertained, they are not to be moved, but will control all other surveys; but when the marks of the government survey have been obliterated, and the location of the corners by that survey cannot be estab-

lished by witnesses who know where they were located, resort must be had to other evidence, and, in the absence of any other proof, the measurements indicated by the field notes of the government survey must control." *Clark v. Thornburg, supra.*

Such is the case here. The appellant on the other hand offered in evidence the field notes kept by the deputy United States surveyor, who made the original survey. These field notes were received in evidence, over objection. According to them, it is apparently conceded that the disputed corner would be located 9.61 chains north of the northwest corner of the Crate donation claim, as contended for by the appellant. In fact, the controversy over the boundary in question seems to have arisen largely by reason of a survey made from these notes some ten years ago. On cross-examination, the deputy surveyor testified,

"That he had no independent recollection of how he made the survey and could not remember as to the location of the corners other than as shown by his notes. That in running north on the west line of the Stangair D. L. C. he made a mistake and ran too far north and found he was getting too much land, and so dropped back about 3 chains and established the northwest corner of said claim. That he cannot tell or explain why the notes in the Surveyor General's office run in an opposite direction from the notes kept by himself, unless he had reversed it in making his report, nor could he explain why the distances were different from those certified by him, nor could he tell why the bearing trees were not the same at either corner, as to distance, or bearings, in the government notes and those used by witness, nor could he tell or explain why he had run the north line 2.61 chains north of a true east line as shown by his field notes in going a distance of 14.50 chains, from the northwest corner of said Stangair D. L. C., but that his field notes showed that he had done so; that he had not been on said premises since he ran the lines in 1856 and knew nothing about the corners or the witness trees at the present time. That he had no personal recollection of any corner or bearings made at that time except as he refreshed his memory from his own notes."

This survey was made some fifty years ago, and inasmuch as the witness cannot explain the discrepancies between his own field notes and those returned by him to his superior officer this court will not undertake to do so. It might be suggested, however, that the witness may have found it necessary to make some changes in the survey before reporting to the surveyor general, and that such changes were not indicated on the field notes retained by him. In any event such testimony as this cannot be permitted to overturn the official record of the survey on file in the proper office. From the entire testimony in the case we are satisfied that the court was fully warranted in establishing the corner in accordance with the field notes from the surveyor general's office, in the absence of any other satisfactory proof.

It is assigned as error, that the court should have appointed commissioners to ascertain and fix the boundary, as prescribed in Bal. Code, § 5668. The appointment of such commissioners rests in the discretion of the trial court, and its ruling on that question is not subject to review here. The exclusion of the declaration of the appellant's father as to the boundary line, the father being dead, is also assigned as error. One witness was permitted to testify to such declarations, and even if they were competent, they were so general in their character that they could not affect the result on the merits. The showing of newly discovered evidence in support of the motion for a new trial was wholly insufficient and the motion was properly denied.

There is no error in the record, the judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.