[No. 8098.   Department Two.   August 20, 1910.]

S. CAMPBELL *et al.*, *Appellants*, v. THE CITY OF SEATTLE *et al.*, *Respondents.*[1]

BOUNDARIES—LOCATION—MONUMENTS—COURSES AND DISTANCES— EVIDENCE—SUFFICIENCY. Where surveyors testified that some years previous by actual surveys they found the initial corner stake of a platted addition and other original stakes at corners of lots on plaintiff's land, showing full sized lots forty feet wide in accordance with the plat, and corresponding with the present street lines, the monuments found govern and control a call in the plat giving courses and distances from a certain government corner as the location of the initial corner of the plat, which would locate the initial corner in the street and add 13.9 feet to plaintiff's lots.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 6, 1909, upon findings in favor of the defendants, in an action for an injunction. Affirmed.

*Byers & Byers*, for appellants.

*Scott Calhoun* and *H. D. Hughes*, for respondents.

[1]Reported in 110 Pac. 546.

CROW, J.—Action by S. E. Campbell and Samuel Camp-
bell, her husband, against the city of Seattle, its street com-
missioner, and board of public works, to enjoin the defend-
ants from interfering with a building erected by plaintiffs,
and which the defendants claim is on Third Avenue North-
west, a public street. From a decree in defendants' favor,
the plaintiffs have appealed.

Appellants own lots 14, 15, 16, and 17, in block 1, of Ross'
addition to the city of Seattle. The only question before us
is the correct location of the east line of lots 15 and 16,
conceded to be the west line of Third Avenue Northwest. The
official plat shows the appellants' lots to be each one hundred
and twenty feet north and south by forty feet east and west.
If appellants' contention is sustained, each of their easterly
lots 15 and 16, will be 53.9 feet in width, and the street will
be 13.9 feet narrower than claimed by respondents. The
trial court found the true line to be as contended by respond-
ents. This finding secures to appellants the entire area in
their lots as shown by the plat, is supported by the clear
preponderance of the evidence, and must be sustained.

In support of their contention, appellants rely upon a
recital in the dedication attached to the official plat of Ross'
addition, made and filed in 1888, to the effect that the
northeast corner of block 1, the initial point of the addition,
is 1,347 feet south, and 1,350 feet west, of a certain govern-
ment corner. They introduced evidence to show that such a
measurement would so locate their east line as to encroach
13.9 feet upon the street now claimed by the city. Respond-
ents, however, produced a number of competent surveyors
who testified that, as a result of actual surveys of the addi-
tion made by them in 1893 and 1895, they found the initial
corner stake of the addition at the northeast corner of block
1, the same being the northeast corner of lot 15 now owned
by appellants; that they also found other original stakes at
corners of appellants' lots, and of other lots in the addition;
that the positions of such stakes correspond with the city's

present contention and secure to the appellants full sized lots of forty by one hundred and twenty feet, as shown on the plat; that two of appellants' lots had been previously enclosed and fenced in accordance with the corners and lines fixed by these original stakes, and that one of appellants' grantors had caused a survey to be made of two of the lots, with the result that they were shown to be only forty feet in width, and that such survey fixed the original initial corner in accordance with respondents' present contention. This, with other evidence which it is not necessary to state, shows that the lots as platted, surveyed, and staked upon the ground, and afterwards enclosed, improved, and conveyed to appellants, are only forty feet wide, and that they do not include the strip in dispute, which the city claims as a part of the street.

Appellants purchased their lots in accordance with, and by the description stated in the plat. In the event of a conflict, it seems to be a well established rule that courses and distances must be subordinated to original stakes and surveys showing the location and dimensions of lots.

In *Turner v. Creech*, 58 Wash. 439, 108 Pac. 1084, this court said:

"Practical or agreed location of a boundary line may result from long acquiescence in its location, or when drawn and acted upon by the parties, as where valuable improvements are placed with reference to it and before it is denied by either party. 5 Cyc. 930 *et seq.* In *Flynn v. Glenny*, 51 Mich. 580, 17 N. W. 65, it was held that purchasers of town lots have a right to locate their lot lines according to the stakes set by the plattor of the lots, and that no subsequent survey can unsettle such lines; Mr. Justice Cooley saying: 'The question afterwards is not whether the stakes were where they should have been in order to make them correspond with the lot lines as they should be if the platting were done with absolute accuracy, but it is whether they were planted by authority, and the lots were purchased and taken possession of in reliance upon them. If such was the case,

they must govern, notwithstanding any errors in locating them.' "

The evidence supports the findings of the trial judge. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.