[No. 9080.   Department Two.   December 30, 1910.]

John Jaggy et al., *Respondents*, v. Patrick Rooney et al.,
*Appellants.*[1]

Appeal—Review—Findings. Findings upon very conflicting evidence will not be disturbed on appeal.

Boundaries — Commissioners to Establish — Discretion —Review. Under Rem. & Bal. Code, § 948, providing for the appointment of commissioners, not exceeding three, to establish disputed boundaries and make an advisory report to the court, the appointment of commissioners is discretionary, and not subject to review on appeal.

Same—Number of Commissioners. Under Rem. & Bal. Code, § 948, a single commissioner may be appointed to establish a disputed boundary.

Appeal—Review—Harmless Error—Advisory Report. Error cannot be predicated upon the failure of a commissioner to take the oath, where his report is only advisory and the court heard other evidence.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered November 12, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to establish a lost boundary.   Affirmed.

*Jas. P. Stapleton*, for appellants.

*H. W. Arnold* and *A. L. Miller*, for respondents.

Morris, J.—Action to establish a lost boundary; findings and decree for plaintiffs, and defendants appeal.

The defense was a denial of all the allegations of the complaint, save ownership of the lands in controversy, and an affirmative defense pleading the establishment of a true boundary fence for a period of thirty years. The evidence was very conflicting, and so far as the findings represent the facts submitted to the court and his determination thereof, we are not disposed to disturb them under the long-established rule

[1]Reported in 112 Pac. 367.

of this court.  Some legal questions are presented in the errors suggested, which we will pass upon.

'The court appointed three commissioners to establish the boundary in question.  They were unable to agree, and were discharged.  The court thereupon appointed one commissioner who was one of the three previously appointed.  It appears from the record that this commissioner failed to take the required oath.  He nevertheless proceeded with his duties, made his report, and the same was accepted by the court. Appellants contend that the statute does not contemplate the appointment of one commissioner, and any report made by such single commissioner is valueless.  Further, this commissioner, not having been sworn as directed by the statute, was not in fact a commissioner, and his report is valueless for such reason.

The statute, Rem. & Bal. Code, § 948, provides that the court may in its discretion appoint commissioners not exceeding three, who shall, before entering upon the discharge of their duties, take an oath to faithfully discharge the same. They shall make a report to the court, which said report shall be advisory.  Under the statute the appointment of commissioners is purely a discretionary matter with the court, and any report made and filed by such commissioners is of no value, except as advisory to the court, should he deem it best to accept it as such.  *Stangair v. Roads*, 41 Wash. 583, 84 Pac. 405.  And since such appointment is discretionary with the court, he may appoint one or more commissioners as in his discretion, from the facts before him, seems best.  *Struntz v. Hood*, 44 Wash. 99, 87 Pac. 45.  No error can therefore be predicated on the court's failure or refusal to appoint more than one commissioner; and since the report of such commissioner is of no final probative value, but only advisory, a mere irregularity, such as the failure to be sworn before entering upon the discharge of his duties, cannot be regarded as reversible error here.  Such report being merely advisory, the court may reject it as a whole, or receive it in part.  He may

accept it in so far as it agrees with his conclusions upon other facts presented to him, or refuse to give it any weight. The court's action upon discretionary and advisory matters is not subject to review in this court, since we have no way of determining the effect of such matters upon the mind of the court, or to what extent, if any, his judgment has been influenced or based upon such matters. Much evidence was before the court upon all the disputed issues.

Many witnesses testified as to the fence claimed as the true boundary and as to witness trees, earth mounds, and other indicia of the original government survey, slashings, clearings, cultivation of crops, and other improvements upon and in the disputed line were by the testimony called to the court's attention; from all of which the court reached his conclusion. To what extent if any he made use of the report of the commissioner in its advisory nature, we have no means of ascertaining. He may have given great credence to it; he may have rejected it altogether.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., CHADWICK, DUNBAR, and CROW, JJ., concur.