[No. 13356.   Department Two.   October 9, 1916.]

C. W. REED et al., Respondents, v. FRED FIRESTACK et al., Appellants.[1]

BOUNDARIES—LOCATION—REESTABLISHMENT — EVIDENCE — SUFFICIENCY.   Evidence to fix a section corner one-half mile from its true location as called for by the government field notes must be clear and certain.

SAME—LOCATION—REESTABLISHMENT—FIELD NOTES.   Where there is no evidence of any of the interior section corners on a township line, commissioners appointed in pursuance of Rem. 1915 Code, § 948, properly reestablish the same by following the government field notes.

SAME—PROCEEDINGS TO REESTABLISH—REPORT OF COMMISSIONERS—EXCEPTIONS.   In proceedings to reestablish a lost boundary line, under Rem. 1915 Code, § 948, exceptions need not be taken to the advisory report of the commissioners as to the location of a corner two miles distant, which they did not follow in their conclusions and which was disregarded by the court.

SAME — REESTABLISHMENT — EVIDENCE.   The location of a lost boundary line cannot be influenced by the fact that a section corner a mile distant had been recognized by a number of other owners not interested in the controversy, in the absence of evidence that it was the true corner.

[1]Reported in 160 Pac. 292.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered September 20, 1915, upon findings in favor of the plaintiffs, in an action to establish a boundary line, tried to the court.   Affirmed.

*Cade & Barrows*, for appellants.

*C. B. Hughes* and *Hughes & Adams*, for respondents.

PARKER, J.—This action was commenced in the superior court for Douglas county under Rem. 1915 Code, §§ 947-949, to establish the uncertain north and south boundary lines of section 13, township 23 north, range 20 east, in Douglas county, and to restore the lost corners of the United States survey thereof.   Trial in the superior court resulted in findings and judgment in accordance with the contentions of plaintiffs, the owners of section 13, from which the defendants Firestack and Cox, owners of the land in section 24, adjoining section 13 upon the south, have appealed to this court, so that the only boundary line directly in controversy upon this appeal is that between sections 13 and 24.

The Columbia river runs southerly, bearing slightly to the west, through this township, leaving approximately two tiers of sections thereof east of the river.   There is no evidence in the record before us as to the location upon the ground of any of the government corners in that portion of the township lying to the west of the river.   The case manifestly proceeded to trial, both upon the part of counsel and the trial court, upon the theory that the true location of the lines and corners drawn in question are determinable from the known location upon the ground of the section and quarter section corners of that portion of the township lying to the east of the river.   The locations upon the ground of the section corners in the south boundary of the township, including the southeast corner of the township east of the river, are conceded to be known locations and marked by monuments.   The township was originally surveyed by deputy United States

surveyor Holcomb in the year 1884. This survey appears to have been very imperfectly made, in so far as marking the corners is concerned, so much so that there remains no reliable evidence of the markings upon the ground by Holcomb of the corners east of the river other than the two corners in the south boundary and at the southeast corner of the township, above mentioned.

In 1887, Deputy United States surveyor Navarre, under contract with the United States, surveyed the township lying immediately to the east. When he came to closing the section lines of his survey on the east line of this township previously surveyed by Holcomb, he was unable to find any monuments marking the section or quarter section corners of the Holcomb survey on the township line other than at the southeast corner of the township. He was thereupon directed by the United States surveyor general of Washington Territory to resurvey this township line and mark the section and quarter section corners thereon, which he accordingly did and placed proper monuments marking all the corners common to both townships. Whether the survey and markings on this township line by Navarre be regarded as a new independent survey or simply as a survey for restoring the lost section and quarter section corners established by Holcomb in the original survey thereof, we think is of no consequence here, because, as we view the evidence, the result would be the same; that is, Navarre's survey resulted in placing the monuments marking the section and quarter section corners on the township line in the same location that they would be placed in restoring them by following Holcomb's survey as evidenced by his field notes. The monuments at section and quarter section corners thus reestablished by Navarre were found in place by the commissioners appointed by the court in this action, except the southeast corner of section 13 (being the southeast corner of respondents' land), which corner had become lost. This corner, however, was readily reestablished from the known corners next north and south thereof. The only monument or

location upon the ground seriously claimed by appellants as the known location of any of the interior section or quarter section corners as established by the Holcomb survey is a stone claimed by them to mark the southwest corner of section 14, which stone is two miles west and about one-half a mile north of the southeast corner of section 13, as determined by the Navarre survey, which, as we have seen, was in effect a restoration of that corner as originally established by the Holcomb survey. This stone is about three and one-half miles north of the south boundary of the township, and hence about one-half mile north of the place where the southwest corner of section 14 should be found if still existing upon the ground. The trial court was of the opinion that the evidence was wholly insufficient to prove that this stone in fact marked the original location of the southwest corner of section 14 as established by Holcomb.

A careful review of the evidence leads us to agree with the conclusion of the trial court upon this question of fact. The rule that evidence of a section or quarter section corner existing at a point upon the ground materially different from that called for by the field notes, and the presumption of law as to its true location being approximately where the law requires it to be, must be clear and certain in order to so fix such corner at such a location, is peculiarly applicable to this situation, where we find the claimed corner approximately one-half mile from where it is in law presumed to be and where the field notes of the survey place it. We deem it sufficient to say that we regard the evidence as falling far short of so establishing this corner as claimed by appellants. Some two or three locations on or near the north line of the township east of the river are also claimed by appellants as being the true locations of original corner monuments on that line as established by the original Holcomb survey. We regard the evidence of these locations being the original locations established by Holcomb equally uncertain and unsatisfactory, as the trial court evidently did. These locations, however, being

on the claimed north line of the township, we think would have but little influence in this case in any event, since they would tend to show little else than a surplus in the sections along the north line of the township.

The trial court appointed three commissioners to make a survey of the north and south boundaries of section 13, erect monuments marking the same and report their doings in that behalf to the court, in pursuance of Rem. 1915 Code, § 948. Having completed their work, the commissioners reported to the court, in substance, that they had adopted the northeast and southeast corners of section 13 as reestablished by the Navarre survey on the east line of the township; that they then established the southwest and northwest corners of section 13 at points three and four miles, respectively, north of the south boundary and one mile west of the east boundary of the township, following the field notes of the original Holcomb survey of the township in so doing. They reported that no corner in the interior of the township could be found by them except the corner claimed by appellants as the southwest corner of section 14, which, while they seem to have regarded that as the true southwest corner of section 14, they ignored it in their conclusion in establishing the southwest and northwest corners of section 13 as they did. They were also manifestly uninfluenced by the corners on the north line of the township, claimed by appellants to be corners established by the Holcomb survey, whatever their views may have been as to the correctness of such locations as claimed by appellants. That the commissioners correctly determined the location of the southwest and northwest corners of section 13 from the field notes of the Holcomb survey and the field notes and existing monuments on the township line of the Navarre survey is quite plain. Indeed, counsel for appellants do not seem to contend that this was an erroneous establishing of those corners of section 13 if there were no other known corners than those upon the east and south line of the township. So in its finality the whole con-

troversy really becomes one of fact as to whether or not there were any known corners from which the southwest and northwest corners of section 13 could be reestablished other than the known corners upon the east and south lines of the township. The following remarks of Chief Justice Dunbar, speaking for the court in the early case of *Cadeau v. Elliott*, 7 Wash. 205, 34 Pac. 916, are peculiarly applicable to the situation we find here:

"There are really no questions of law to be decided in this case, for the proposition contended for by appellants, viz., that the true corner is where the United States surveyor established it, notwithstanding its location may not be such as designated in the plat or field notes, is elementary, and in fact is conceded by the respondents; and it is also undoubtedly true that though neither course, distance or computed contents agree with the monument yet the monument must prevail. But this presumes the fact that the monument, or actually established corner, is definitely ascertained. If any credit at all is to be given the plats and field notes, the presumption must attach that the corners have been established at the places indicated by such field notes; so that the burden is upon him who disputes their correctness. But where, as in this case, the establishment of the corner as claimed by the appellants does not accord with the field notes of the government surveyor, and does not accord with the section lines in adjoining sections, and will establish the claim in an irregular shape, the proof of such actual establishment must be clear and convincing."

See, also, *Stangair v. Roads*, 41 Wash. 583, 84 Pac. 405.

It seems to us there is no escape from the conclusion that the adoption by the commissioners of the northeast and southeast corners of section 13 as established by the Navarre survey, and the restoration by them of the southwest and northwest corners of section 13 in conformity with the Holcomb survey and field notes, ignoring the claim of appellants as to the location of the southwest corner of section 14, and the decree of the court in accordance with this establishing of the boundary lines of section 13 by the commissioners, was a

correct determination of the rights of the parties to this action.

Some contention is made in appellants' behalf that the trial court erred in ignoring the conclusion of the commissioners that the monument marking the southwest corner of section 14 correctly marked that corner as established by the Holcomb survey, in view of the fact that no exception was taken thereto, prior to the trial, by counsel for respondents. We do not think this fact renders that conclusion of the commissioners binding upon the trial court, since, by the express provisions of § 948, the report is only advisory to the court, and besides, in this particular case, it would seem that counsel for respondents had no occasion to take exception to the commissioners' report, in view of the fact that their conclusion as to the location of the southwest and northwest corners of section 13 was as at all times claimed by respondents. The trial of the case proceeded after the report of the commissioners upon the theory, recognized by all concerned, that counsel for respondents were contending that the conclusion of the commissioners as to the proper location of the southwest corner of section 14 was erroneous, much evidence being introduced upon both sides touching this question. The trial court was of the opinion that the evidence showed that the commissioners' conclusion on this question was erroneous, though it agreed with the commissioners in their conclusion as to the location of the southwest and northwest corners of section 13, which was the real matter for ultimate decision.

Some contention is made in appellants' behalf touching the question of taxation of costs. This, we think, is clearly without merit. Indeed, it seems plain to us that if any of the parties had reason to complain of the taxation of costs it was respondents.

We are of the opinion that the judgment of the trial court must be affirmed. It is so ordered.

It incidentally appears in this record that the location of the southwest corner of section 14, as claimed by appellants,

has probably been relied upon by a number of owners in its vicinity as the true location of that corner, and that a number of owners have claimed and recognized boundary lines between different ownerships accordingly. This has been suggested by counsel for appellants as one of the reasons for recognizing that location as the true southwest corner of section 14, and that it should control the location of the south line of sections 13 and 14. From what we have already seen, however, we think it plain that the true line between sections 13 and 24, the properties of these respondents and appellants, respectively, cannot be determined by that claimed location of the southwest corner of section 14, in the absence of evidence that it was in fact that corner of that section as established by the Holcomb survey. The manner and extent to which that corner has been recognized by those owning land in the neighborhood may have some influence upon their rights, but it is in no sense a determining factor in this controversy, since we think it is plain from the evidence that neither of these parties ever became entitled to place any reliance upon that location as the true southwest corner of section 14, as determinative of the question of the true location of the south boundary of section 13. We are not here concerned with the rights of other parties than those to this action, and, of course, our decision in this case can affect only the rights of the parties to this action.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.