MARCUS YOUNKER ET AL., Appellants, v. F. E. S. WHITE
ET AL., Appellees.

**Boundaries:** ACQUIESCENCE.  Where adjacent owners have con-
structed their buildings on the theory that the center of a
common wall marked the entire boundary line of the lots, and
they and their grantors have recognized such line in the use
of the premises for a period of ten years, it becomes the true
line and cannot thereafter be questioned.

*Appeal from   Polk   District   Court.*— HON.   W.  H.  Mc-
HENRY, Judge.

WEDNESDAY, MAY 8, 1907.

REHEARING DENIED, THURSDAY, OCTOBER 24, 1907.

ACTION in equity to quiet title to real estate.   On hear-
ing plaintiff's petition was dismissed, and they appeal.—
*Affirmed.*

*B. A. Younker* and *Carr, Hewitt, Parker & Wright,* for appellants.

*George Wambach* and *Read & Read,* for appellees.

BISHOP, J.— As shown by the county records, the original town of Ft. Des Moines was laid out by the Commissioners of Polk County, and, by conveyance from the Commissioners, Benjamin Saylor became owner of lots 5 and 6, in block 31. According to the plat, the lots are sixty-six feet in width, and face south on Court Avenue, and are numbered from west to east. The records further show that the defendant White became the owner through *mesne* conveyances of the west one-third of lot 6 in August, 1882, and plaintiffs became the owner through *mesne* conveyances of all of lot 5 in October, 1902; their immediate grantor being Hoyt Sherman. In the year 1856, Hoyt Sherman, P. M. Cassidy, and R. L. Tidrick, then holding the record title to both lots 5 and 6, proceeded to improve lot 5 by the erection of a three-story brick building, and it would seem quite conclusive from the evidence that the building was intended to cover the full width of the lot, although not extending north to the lot limit. In 1872 Hoyt Sherman became the sole owner of lot 5, and continued to be such owner down to the time of his conveyance to plaintiffs. The building so erected on said lot, and referred to in the evidence as the Sherman Block, was still standing at the time of the trial. In 1864 Wesley Redhead, having acquired title to the west one-third of lot 6, proceeded to improve and erected thereon a three-story brick store building, and in respect of this also it is evident that it was intended to cover the full width of the fractional lot. As constructed, this building did not extend as far north as did the Sherman Block. In constructing, Redhead used the east wall of the Sherman Block as the west wall of his building. Redhead conveyed to defendant White, and at the time thereof,

some question was made respecting the wall by which the two buildings were divided, whereupon there was executed by Sherman a writing, as follows: " September 18, 1882. Wesley Redhead, Esq.: This will certify that at the time you built your storeroom on the west one-third of lot 6, etc., you bought of me and paid for one-half of the east wall of the Sherman Block, situated on lot 5, etc., and attached your wall and timbers to said wall according to our understanding and agreement. This was in 1864. [Signed] Hoyt Sherman." This instrument was duly acknowledged, and at once made a matter of record. The buildings have been continuously occupied for business purposes since their erection, and it does not seem that any question involving the location of the lot line was raised until shortly before the commencement of this action in 1903.

The contention of plaintiffs now made is that the true line between the lots is not marked by the wall between the buildings, but runs some distance east of the line of said wall, and there is evidence in the record giving support to this contention. The defendants answered by pleading acquiescence in the center line of the wall as the boundary line, and adverse possession. It does not appear that any survey was made either at the time of the building of the Sherman Block or the erection of the Redhead Building. Without going into the details of the evidence, it seems conclusive, as we have already said, that each intended to occupy the entire lot surface as fronting on Court Avenue. Neither Sherman nor Redhead were called as witnesses, and we presume they are no longer living; but upon the evidence as presented by the record, it does not seem reasonable that Sherman would have consented to sell half his east wall, and permit Redhead to put up a permanent building extending over upon his ground to connect with such wall, if he had not understood the wall to mark the line between the lots. To say otherwise would be to unreasonably attribute to him an intention to continue in the own-

ership of the narrow strip of ground in controversy, but to give Redhead, to whom he had sold the fractional part of lot 6, permanent possession of such strip. On the other hand, it is inconceivable that Redhead would have purchased an interest in the wall, and built up to it as he did, had he supposed that this ownership and right of occupancy of the ground was subject to be thereafter drawn in question. We think the facts and circumstances all point to a case of mutual agreement as to the boundary line, and as Readhead built and occupied in accordance therewith, and his grantees have so occupied, the case falls fairly within the doctrine of *Miller v. Mills Co.,* 111 Iowa, 654, and other like cases since decided. See, also *Crapo v. Cameron,* 61 Iowa, 447.

But counsel for appellants say that, conceding this, defendants can have no right to question the true line as it extends north from the rear of their building to the lot limit. Here, also, we are wholly disposed to agree with the conclusion reached by the trial court. Without essaying to discuss whether, under other circumstances, a jog in the line should be decreed, it is sufficient to say that the evidence makes it reasonably clear that in one way or another the rear portion of the lot was used by Redhead, and has been used by defendants since their ownership, and that for many years the line corresponding with the line of the division wall has been marked with more or less accuracy by buildings, fences, etc., constructed by or under authority of one or the other of the abutting owners.

On the whole, we conclude that the decree dismissing plaintiff's petition, and quieting title in defendants, was right, and it is therefore *affirmed.*