ALVINA LEIFHEIT, Appellee, v. MARY NEYLON, Appellant.

**Boundaries:** ACQUIESCENCE: ESTOPPEL. A division line which has been agreed upon and acquiesced in by the adjoining owners and their grantors for a period of ten years becomes thereby the true boundary; and one who joins in the location of the line, the construction of a fence thereon and witnesses the erection of buildings with respect thereto, without objection, is estopped from asserting a different boundary.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

TUESDAY, JULY 7, 1908.

THIS is an action to determine the boundary line between two parcels of land in the city of Des Moines. The trial court established the line claimed by plaintiff, and defendant appeals.— *Reversed* and *remanded*.

*Sullivan & Sullivan,* for appellant.

*George Harnagel* and *Clinton L. Nourse,* for appellee.

DEEMER, J.— Appellee is the owner of a certain lot in the city of Des Moines, except the east thirty-six feet thereof, and appellant is the owner of the east thirty-six feet of said lot. Each acquired owenrship of his property by conveyance from one L. M. Mann, who at one time owned the entire lot. The controversy is over the boundary or division line between these two parcels of land. There is a barn upon defendant's property, and a fence between that owned by the respective parties to this action, which, if found to be on the true line, gives defendant a strip thirty-six and thirty-three hundredths feet at one end and forty-two feet at

the other, leaving plaintiff with a strip of twenty-seven and sixty-seven hundredths feet in width at one end and a little less than thirty feet at the other. The conveyance under which plaintiff claims was made pursuant to a contract to convey the west thirty feet of the lot, although the deed conveys all of the lot save the east thirty-six feet. There is no doubt that the barn and fence to which we have referred, if treated as upon the line between these two parcels of land, give to defendant more than the east thirty-six feet of the lot; but she claims that she is entitled to it, because, at the time she purchased, this barn and fence were pointed out to her as being upon the true line between the two parcels of ground, and for the further reason that the line so fixed had been recognized and acquiesced in by the respective owners for more than ten years before this controversy arose.

L. M. Mann was at one time the owner of the entire lot. In the year 1893 Mann contracted to sell the west part of the lot to plaintiff and her husband, and in the year 1904 he made a deed to plaintiff of all of the lot, except the east thirty-six feet. In 1899 Mann made a contract with defendant to sell her the east thirty-six feet of the lot, and thereafter made her a deed of the property. It also appears that in the year 1894 Mann made a contract to sell all of the lot, except the west thirty feet thereof, to one Stivers, and in that contract he described the property as being thirty-four feet in width at one end and forty-two and six-tenths feet at the other, although he was told that the property was thirty-six and two-tenths feet wide in front and forty-two and some tenths in the rear. Plaintiff went into possession under her contract with Mann in the year 1893, and Stivers went into possession of the property he had purchased in the year 1894. Plaintiff's husband, who was one of the purchasers under the contract from Mann, and who was in possession of the premises contracted for by them, helped Stivers measure off the property claimed by each, and together they bought the material for the fence and erected it upon

the line found by them between the two parcels of ground. Stivers also erected the barn, to which the fence was joined at the rear end of the lot, and Leifheit knew that Stivers was placing it upon what was thought to be the line between the two parcels of ground. This barn and fence were erected in the year 1894, and have since remained where they were originally placed. Defendant claims that she purchased with reference to this line, and that the line so established has been acquiesced in by plaintiff, and also by Mann and Stivers, for more than ten years. After the erection of the barn water mains were laid and other improvements made with reference to the line established by the barn and fence. These facts clearly bring the case within the rule announced in *Miller v. Mills Co.*, 111 Iowa, 654; *Kulas v. McHugh*, 114 Iowa, 188; *Laughlin v. Francis*, 129 Iowa, 62; *O'Callaghan v. Whisenand*, 119 Iowa, 566; *Kitchen v. Chanlland*, 130 Iowa, 618; *Younker v. White*, 136 Iowa, 23; *Quade v. Pillard*, 135 Iowa, 359, and other like cases, unless it be that, as contended by appellee, neither Mann nor any one for him ever recognized the barn and fence as being on the true line.

Stivers surrendered his contract with Mann after living upon the property for three or four years, and Mann sold to defendant in November of the year 1899, reserving possession until February 1, 1900. When defendant purchased from Mann, she was informed that the lot was " 36 feet in front and 42.6 in the rear." Defendant then asked if this would ever make any trouble, and was told that it would not. Although her deed and contract conveyed but the east thirty-six feet, defendant understood that she was to have all of the property up to the fence and the west side of the barn. It is argued for appellee that as Mann at all times owned the property, subject to the outstanding contracts, the doctrine of acquiescence does not obtain, for the reason that he could not agree with himself as to the boundary line. In some respects this is true; but he could as owner lay off his

ground into two tracts, and sell with reference to his subdivision thereof. Viewing the case from one aspect, this is what he did. But we need not determine the case upon that theory. Mann sold to plaintiff and her husband, and gave them possession in the year 1893. He sold to Stivers, and gave him possession in the year 1894. With the presumed acquiescence of Mann, these parties established the division line between their pieces of property. Although he did not acquiesce, plaintiff, through her husband, and Stivers agreed upon a line, built a fence, and erected a barn with reference thereto, and so far as plaintiff is concerned this line was acquiesced in by her for more than ten years as being the true one between the two pieces of property. Stivers regarded it as the true line so long as he lived upon the east part of the lot, and when he surrendered the contract it is evident that Mann regarded it as the true line, and pointed it out to defendant as such when he conveyed to her, although her deed did not call for more than thirty-six feet of the lot east and west. It was definitely stated to defendant that, although her deed called for but thirty-six feet, she would have no trouble about the excess, for the manifest reason, no doubt, that down to that time plaintiff was not claiming that the fence was over the line and upon her ground.

If it satisfactorily appeared that after the making of the contract with plaintiff, and after Stivers surrendered his contract, Mann intended to make another division of the lot, we would have a very different question. But it does not appear that plaintiff, in taking her deed, was getting anything more than her contract called for, nor does it appear that defendant was told she was to get but the east thirty-six feet. On the contrary, nothing seems to have been said to plaintiff about the matter, and defendant was assured that she was getting property to the line marked by the barn and fence. Plaintiff is also estopped from claiming the property in dispute, for the reason that through her agent she agreed upon the line, saw the barn erected with reference thereto,

and made no protest, and at no time, until the commencement of this suit, did she claim any more property than was on her side of the fence. When Mann took the property back from Stivers, he accepted it in the condition it was then in, and sold to defendant with reference to the boundaries marked by the barn and fence. At no time did he evince a purpose to make another subdivision of the lot. Under the doctrine of estoppel, as well as by reason of recognition and acquiescence, the boundary as fixed and determined between plaintiff and Stivers should be regarded as the true one.

The decree should have been for the defendant, and the case must be remanded, in order that such an one, not inconsistent with the issues tendered, may be rendered.— *Reversed* and *remanded.*