[No. 29332. Department Two. August 3, 1944.]

ALVIN M. WINDSOR et al., Respondents, v. W. J. BOURCIER et al., Appellants.[1]

[1]Reported in 150 P. (2d) 717.

314

*Teresa I. Masters* and *E. P. Whiting,* for appellants.

*Leon L. Wolfstone,* for respondents.

MALLERY, J.—Plaintiffs brought an action to quiet title to land and for trespass. From a judgment in favor of plaintiffs, defendants appeal.

The appellants are the owners of tract 92 as shown on the unrecorded plat of Angle Lake Shore Acres and respondents are the owners of tract 91 adjoining it on the north. A boundary line dispute arose between them in the spring of 1942, which culminated in the removal of a certain cedar tree, shrubs, and concrete by appellants from the land claimed by respondents, who thereupon brought this action.

The theory upon which respondents went to trial was that the boundary line claimed by them was established and marked by survey stakes in 1926 by a common grantor, and that later it was agreed by the adjoining owners, who were the respective grantors of the parties to this action, that a certain cedar tree was on the line and that an electric power pole was placed on the location of the end stake next to the road, and that the line would still be fixed by them after the stakes were gone.

The land was originally surveyed and staked by one H. M. Love. The plat of the land was not recorded and conveyances of the tracts were made by metes and bounds descriptions. The Jelters were the original purchasers of the respondents' tract 91 and the Eckerns of appellants' tract 92. They bought from a common grantor and according to the surveyed common boundary, the original survey stakes being then still in place. They noticed that a certain cedar tree was on the line. The stake at the other end near the road was later removed and an electric power pole was erected on its location. They both treated the line fixed by the cedar tree and the pole as the true line, and both sold to their grantees with reference to the line so marked. The appellants, who had been tenants of the property two years before purchasing it, had had these markers pointed out as fixing the true line.

The court found the true line to be fixed by the center of the pole and the center of the cedar tree stump.

Appellants contend that the court erred in admitting testimony and in making findings of fact and conclusions of law. The testimony objected to was (1) that of Mr. Eckern and Mr. Jelter relating to an agreement as to the location and fixing of the common boundary by the pole and cedar tree, (2) testimony as to representations made to respondents as to the location of the true boundary line, (3) testimony as to the location of improvements placed by respondents on their own property, and (4) the testimony of respondents' witnesses as to where they believed the line to be. The findings of fact and conclusions of law had to do with the establishment of the true line as fixed by the pole and the cedar stump.

All of appellants' contentions touching the invalidity of conveyances by parol may be conceded as sound, but they are inapplicable in view of the court's finding that the true line was demarked by the pole and the cedar tree stump. It is true that a definite boundary, whose location is fixed and known to the parties, cannot be changed by a parol agreement. A parol agreement between owners of adjoining land, which has been partitioned between them, that they will disregard the boundary fixed by the partition and establish another line, has been held unenforcible on account of the statute of frauds. See 6 Thompson on Real Property (Perm. ed.), 481, § 3300.

Here, however, the court has held the line contended for by respondents to be the true line and the agreement between the parties was merely to accept markers, other than the original stakes, as fixing the true line. The appellants had notice of the substitute markers and the absence of the original stakes. Evidence touching their notice was admissible, not on the theory of estoppel, which was not pleaded, but because notice and acquiescence have some probative value on the question of the existence of an agreement fixing the common boundary. See 2 Tiffany on Real Property (3d ed.), 682, § 654, and 6 Thompson on Real Property (Perm. ed.), 495, § 3308.

The testimony touching the location of appellants' improvements which were consistent with their acquiescence to the line, though negative in character, likewise has sufficient probative value to make it admissible. While its weight may have been very slight, in any event, its admission was not reversible error.

As to appellants' contention that it was error to admit opinion evidence of witnesses as to where they believed the line to be, an examination of the record reveals that the testimony complained of was negative in character and taken at face value proved nothing. The court will not be presumed to have been misled by it. If it was error, it was harmless error.

Competent testimony, both expert and lay, is entitled to the weight and credibility the court or jury, as the case may be, thinks it is entitled to under all the circumstances, and neither takes precedence over the other as a matter of law. Appellants sought to prove by H. M. Love, the surveyor who had made the original survey, testifying as an expert witness, that according to his recent survey the pole and cedar stump were not on the common boundary line. The court was not bound to accept this conclusion and reject the testimony of lay witnesses in conflict therewith. In any event, it would avail appellants nothing to prove that the original survey stakes were erroneously placed.

The situation in this case is that the common grantor surveyed and staked the land and the predecessors in interest of the parties hereto bought with reference thereto. These predecessors agreed that the line fixed by the stakes was also fixed by the pole and cedar tree. The stakes are now gone but the pole and cedar stump remain. The court found that they marked the true line as staked. This must govern. See *Turner v. Creech,* 58 Wash. 439, 108 Pac. 1084; *Roe v. Walsh,* 76 Wash. 148, 135 Pac. 1031, 136 Pac. 1146.

The decree is affirmed.

MILLARD, BLAKE, and GRADY, JJ., concur.

SIMPSON, C. J., concurs in the result.