[No. 30134.  Department One.  July 31, 1947.]

JOHN THOMPSON *et al., Respondents,* v. RALPH BAIN *et al., Appellants.*[1]

*Delos Spaulding* and *Jas. E. Sareault,* for appellants.

*C. D. Cunningham,* for respondents.

[1]Reported in 183 P. (2d) 785.

MALLERY, C. J.—The tract of land here in question is lot 6 of a plat of ground lying at the edge of the town of Packwood. Because the plat was not recorded, lot 6 was described in the conveyance by metes and bounds. The common grantor of the parties hereto built his dwelling and outhouses on the adjoining lot 5 prior to any of the transactions here involved, and constructed a fence along the line between lot 5, which he was occupying, and lot 6. In the light of recent surveys, it appears that the fence missed the line as plotted by a foot or two, it being on the lot 5 side to that extent.

The appellants entered into a contract to purchase lot 6 in 1939 and went into immediate possession. The common grantor measured off lot 6 for the appellants by starting at the fence in question and going westerly a distance of fifty feet. Mrs. Bain, one of the appellants, testified:

"Q. There are some ferns on it? A. Yes, we planted ferns along what we thought was our line fence; and when we bought the lot Mr. Selle measured our 50 feet from the fence, on up 50 feet, when he staked it for their fence."

The appellants then proceeded to improve and build upon the property up to the fence.

In 1942, the common grantor sold lot 5 to the respondents, who went into possession shortly thereafter. Recently a controversy arose between the parties over the line between their respective lots. This resulted in a survey being made and the institution of this action to quiet title in the respondents, plaintiffs below, to the disputed strip of land lying between the fence and the line as surveyed.

The contention that the fence, so nearly on the line, was a random fence, is, we believe, inconsistent with the undisputed testimony that the measurements of lot 6, made by the common grantor on the ground, were made with reference to the fence he had previously constructed.

The question here presented is whether the facts of this case make applicable the general rule as stated in 11 C. J. S. 651:

"LOCATION BY MUTUAL GRANTOR. A practical location made by the common grantor of the division line between

the tracts granted is binding on the grantees who take with reference to that boundary. The line established in that manner is presumably the line mentioned in the deed, and no lapse of time is necessary to establish such location, which does not rest on acquiescence in an erroneous boundary, but on the fact that the true location was made, and the conveyance in reference to it. However, for a boundary line established by a common grantor to become binding and conclusive on grantees it must plainly appear that the land was sold and purchased with reference to such line, and that there was a meeting of minds as to the identical tract of land to be transferred by the sale."

See, also, *Turner v. Creech,* 58 Wash. 439, 108 Pac. 1084; *Roe v. Walsh,* 76 Wash. 148, 135 Pac. 1031, 136 Pac. 1146; *Windsor v. Bourcier,* 21 Wn. (2d) 313, 150 P. (2d) 717; *Strom v. Arcorace,* 27 Wn. (2d) 478, 178 P. (2d) 959.

■ The respondents contend that there is no proof that any *agreement* was entered into between the common grantor and the appellants establishing the fence as the line of lot 6, and that the fact that the appellants occupied up to the fence does not prove, nor is there any other proof of, an *agreement* between the common grantor and the appellants so establishing the boundary line.

The rule as heretofore set out contemplates that the boundary line should be established by the grantor, and that the grantee takes the land in reliance thereon. A formal, or specific, or separate contract as to the boundary line between the parties is not necessary.

■ The respondents contend that there was no dispute between the common grantor and the appellants as to the true location of the boundary line or as to it being doubtful or uncertain. They then seek to invoke the rule:

"If the line is not disputed, indefinite, or uncertain, a parol agreement changing its location is within the statute of frauds and is void." 8 Am. Jur. 799, § 74.

It must be pointed out that this rule applies as between adjoining owners who are strangers to each other. As between grantor and grantee such a dispute would be inconsistent with the good faith of the grantee in relying on the location of the boundary line as represented by the grantor,

because it would indicate notice to the grantee of facts contrary to the grantor's representations. The rule respondents invoke does not apply in this case, and no dispute need be proved. Indeed, the absence of a dispute with the grantor is more consistent with reliance in good faith upon the representations than a dispute would be.

As between the parties here, no agreement was made to abide the result of a survey. The appellants are still in a position to invoke the rule that the location of a line by a common grantor is binding upon the grantees.

We find that in this case the common grantor established an "on the ground" boundary line between the tracts in question that is binding on the common grantees.

Having so found, there is another matter that must now be disposed of.

The appellants built their service station up to the highway corner between the two tracts in question. The fence along the highway in front of the respondents' tract is located a short distance over into the right of way of the highway. In order to allow access to the inner lane served by the gasoline pumps, the common grantor permitted the boundary fence on the highway end to be swung over onto the respondents' tract for a short distance. The appellants make no claim to the triangle formed by the original fence and the fence so diverted. However, the restoration of the fence to its original position will cut off access to the inner lane of the appellants' service station, unless that part of the respondents' fence along the highway next to the common corner is moved back to the property line. It is contended that only the state highway department has a right to object to encroachments upon its right of way. We do not agree. One whose access to the highway is restricted by such encroachments has a right of action.

Accordingly the trial court is directed to grant such relief to the appellants as to any part of the respondents' fence

bordering the highway which impedes the appellants' access to it.

The judgment is reversed.

Neither of the parties will recover costs.

MILLARD, JEFFERS, and HILL, JJ., concur.

SIMPSON, J., dissents.

September 19, 1947. Petition for rehearing denied.