[No. 30436. Department One. March 18, 1948.]

GERTRUDE ATWELL et al., *Respondents,* v. ARCHIE H. OLSON, SR., *et al., Appellants.*[1]

[1]Reported in 190 P. (2d) 783.

*Heideman, Johnson, Flanagan & Russell,* for appellants.
*Carroll Hendron* and *E. P. Whiting,* for respondents.

MILLARD, J.—Defendants prosecute this appeal from a decree quieting title in plaintiffs to a strip of land in block 1, Haller Lake tracts, in King county, Washington.

Did the common grantor of the predecessors in interest of respondents and of appellants establish a dividing line between the portion of land sold by him to his grantee and the portion retained by the grantor, which the common grantor and his grantee agreed was the boundary line between the two properties?

If the foregoing question is answered in the affirmative, is the agreed boundary, so fixed and determined, binding upon the successors in interest of the common grantor?

Those are the only questions presented by this appeal.

The trial court found that Norman E. Crooks and wife, owners of lots 11, 12, and 13, except the west thirty-one feet of lot 11, in block 1, Haller Lake tracts, in King county, entered into a contract, March 7, 1928, to sell to Sven O. Forsman and wife, the south one half of this property. On October 17, 1930, Crooks and wife conveyed the property, by warranty deed, to Forsman and wife.

By warranty deed, executed August 3, 1940, Forsman and wife conveyed the south one half of the above-described property to respondent Gertrude Atwell, who, ever since that date, has owned the property as her separate estate. When she purchased the property, she was informed by Forsman that the line established and agreed upon by Forsman and Crooks, and as marked by a hedge and the line of the hedge extended, was the northern boundary of the property purchased.

Within a period of approximately six months after Crooks entered into the real-estate contract with Forsman, the former measured off and established the dividing line between the north one half and the south one half of lots 11, 12, and 13 of block 1, Haller Lake tracts in King county, and set stakes at each end of the east-west line of the property. At the time this line was established, it was agreed by

and between Crooks and Forsman that that was the dividing line between the north one half and the south one half of the property. Within one year after execution of the real-estate contract between Crooks and Forsman, the latter planted a hedge running east and west on the dividing line established by Crooks and Forsman, to a point approximately two thirds of the distance across the property. Forsman erected a house and garage upon the property in reference to the boundary line thus established. He planted trees and bushes, cultivated and occupied the property up to the line of the hedge.

Forsman and his successors in interest, respondent Gertrude Atwell and husband, after purchase of the property from Forsman and wife, at all times since the boundary line was established, claimed and occupied the property, and respondents erected a playhouse and swing, and placed a children's playground south of the line of the property, as established by Crooks and Forsman, marked by the hedge and the line of the hedge extended.

Norman E. Crooks conveyed to his wife, Augusta Crooks, all of his interest in the north one half of the property described above, and Augusta Crooks conveyed the north one half of the property, November 23, 1945, to Donald Krusell and wife. Krusell moved onto and occupied the north one half of the property, and bulldozed the same up to the line of the hedge and the line of the hedge extended. December 12, 1945, Donald Krusell and wife conveyed to Archie H. Olson, Sr., the east 51.665 feet of the north one half of lot 12, and the west 65.67 feet of the north one half of lot 13, in block 1, Haller Lake tracts.

Archie H. Olson and wife entered into possession of the property purchased by them, erected a house thereon, and caused a survey to be made of the property. They claimed the property to a point upon the east line of lot 13 which is 14.7 feet south of the line established and agreed upon by Crooks and Forsman and extending westerly to the north-south line of the property purchased by them. They erected upon the corner thus established, a brick pier and threatened to encroach upon the property of respondents Atwell

and to destroy the hedge and the improvements placed upon the property by the respondents.

The court further found that appellants at all times had knowledge of the existence of the hedge, the improvements made by respondents and their predecessors in interest to the line of the hedge and the line of the hedge extended, as laid out and established as recited above, which line marks the true dividing line between the north and south one half of the property, as established and agreed upon by Crooks and Forsman.

The facts, which are summarized as follows, sustain the court's findings: Norman E. Crooks testified that, in order to determine the dividing line between the north and south one half of the property in question at the time he sold the south one half to Mr. Forsman, he put up two stakes and Mr. Forsman was given the option of purchasing south or north of the dividing line so established. Mr. Forsman testified that the corner stakes were not established at the time of the execution of the real-estate contract of March 7, 1928. However, after entering into possession of the property, Forsman strung a wire between the two stakes placed by Crooks to mark the boundary. This was done a couple of weeks or a month subsequent to the time that the stakes were driven into the ground.

Mr. Forsman planted a hedge under the wire about two thirds of the distance across the property, purchased and built a house and garage, landscaped the property and ran a raspberry trellis nearly to the hedge, put in trees, shrubs, and flowers, and cultivated and occupied the property up to the line of the hedge. He occupied the premises up to the time that he sold same to respondents, in 1940. Ever since they purchased the property, respondents have occupied the premises and cultivated and maintained same up to the line of the hedge. Respondents testified they have maintained a chicken house and playhouse, and a children's playground, on lot 13, east of the hedge.

Donald Krusell, who acquired the north one half of the property from Augusta Crooks, wife of Norman E. Crooks, in 1945, lived upon the north one half of the property about

eighteen months. Mr. Krusell testified that, at the time he bought the property, the hedge was between five and six feet in height. He bulldozed the north one half of the property up to the line of the hedge and never thought that, when he purchased the property, he was buying anything south of the hedge.

Archie H. Olson, Jr., and wife erected a house upon the premises purchased by Archie H. Olson, Sr., from Krusell. The Olsons caused a survey to be made of the property, which disclosed that the true dividing line between the north and south line of the property was south of the line of the hedge and the hedge line extended. When the Olsons threatened to destroy the hedge and bulldoze south of the line of the hedge, this action was commenced to enjoin the appellants from trespassing upon respondents' property and to quiet respondents' title in the property up to the line of the hedge and the line of the hedge extended.

Appellants contend that Norman E. Crooks and wife are not the common grantors, hence the common-grantor rule does not apply to the facts in the case at bar, and that the agreed boundary line agreed upon by Crooks and Forsman was not established until approximately six months after Forsman purchased the south one half of the property from Crooks.

Clearly, Norman E. Crooks and Augusta'Crooks, his wife, were the common grantors. It is likewise clear the Crooks and Forsman established a dividing line between the property shortly after execution of the real-estate contract, prior to the time Forsman took possession of the land and before the deed conveying the property to Forsman was executed. Forsman entered into possession up to the line so established and improved that portion of the property which he had purchased with reference to the boundary line established. The line established by Crooks and Forsman became the true line of the property and marked the dividing line between the property owned by Crooks and that conveyed to Forsman. The location of the line by the common grantor was binding upon Crooks and his wife and the Forsmans and their successors in interest. *Turner v.*

*Creech,* 58 Wash. 439, 108 Pac. 1084; *Windsor v. Bourcier,* 21 Wn. (2d) 313, 150 P. (2d) 717; *Strom v. Arcorace,* 27 Wn. (2d) 478, 178 P. (2d) 959.

Appellants purchased with full knowledge of the existence of the hedge and the improvements, made by respondents and their predecessors in interest, up to the line of the hedge, and purchased with notice that the hedge marked the true dividing line between the north and south one half of the property. While Mr. Olson, Sr., testified that he did not see a hedge and did not know there was a hedge, his daughter-in-law, who lived upon the property purchased by the Olsons from Krusell, testified that she saw the hedge plainly marking the boundary line.

The trial court aptly observed that it was not material whether Mr. Olson, Sr., when he inspected the property, did not see the hedgerow, as it is not necessary that every grantee, from the time of the inception of the construction and the determination of the boundary, should himself agree that that was the boundary line. When the Olsons purchased the property from Krusell, the hedge was at least five feet high. The Olsons had ample opportunity to observe all improvements lying south of the hedge. They may not now be heard to say that they failed to see that which was plainly visible and which could have been ascertained upon inquiry. *Skoog v. Seymour,* 29 Wn. (2d) 355, 187 P. (2d) 304.

There is no claim that Mr. Krusell ever bulldozed south of the line of the hedge and the line of the hedge extended. Respondents' predecessors in interest purchased, as did appellants and their predecessors in interest, with reference to the line so established.

The decree is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.