[No. 30166.   Department One.   July 8, 1947.]

EDITH M. LIGHT et al., *Respondents*, v. WALTER S. McHUGH, *Appellant.*[1]

*Louis J. Muscek* and *Horace G. Geer,* for appellant.

*Rex S. Roudebush,* for respondents.

SIMPSON, J.—Plaintiffs brought this action for the purpose of establishing a boundary line between properties owned by themselves and quieting their titles to certain real property.  After plaintiffs had rested their case, defendant moved for a dismissal on the ground that there was no evidence before the court to justify granting the relief prayed for.  After argument to the court, plaintiffs' counsel

[1]Reported in 183 P. (2d) 470.

requested permission to amend the complaint by asking for reformation of the conveyance from plaintiff Dreazy to defendant McHugh. The court by memorandum opinion granted the motion of defendant for dismissal, but subsequently, before signing the judgment of dismissal, upon a motion of plaintiff Dreazy for judgment notwithstanding the court's memorandum decision, entered findings of fact, and a decree, favorable to plaintiffs.

On his appeal to this court, defendant has assigned error on the part of the trial court in the following particulars: denying defendant's motion for dismissal; granting plaintiff Dreazy's motion to amend the complaint; making and entering findings of fact and conclusions of law in so far as they pertain to reformation of a deed; entering a decree in so far as the same pertains to the defendant; and in denying defendant's motion for a new trial.

For a better understanding of the issues in this case, we set out a plat of the properties owned by the respondents and the appellant.

The undisputed evidence is summarized: December 28, 1943, Dorothy Dreazy conveyed by warranty deed to appellant, the following described tract of land:

"Beginning thirty (30) feet West and one hundred fifty (150) feet North of the Southeast corner of Government Lot three (3) in Section thirty-four (34) Township twenty-one (21) North Range one (1) East of the Willamette Meridian, thence Southwesterly to a point on the Meander Line which is fifty (50) feet measured on the Meander Line North 34° 45' from the Southwest corner of Government Lot three

(3); thence North 34° 45′ West along the Meander Line to the South line of Tract four (4) of Fox Island Villa Tracts; thence East along the South line of Tracts four (4) and three (3) of said tracts to a point thirty (30) feet West of the East line of Government Lot three (3); thence South to the point of beginning, all located in Pierce County, State of Washington."

Mrs. Dreazy retained about one acre of land south of the tract she conveyed to appellant. Edith M. Light is the owner of the land immediately south of the Dreazy tract marked D on the plat.

An old fence line has existed for more than thirty-three years on the south portion of the Dreazy tract. This line, which is indicated on the plat, divided the lands belonging to the respondents. Appellant bought the land after Mrs. Dreazy had called his attention to the fact that the fence marked the south boundary of her property. He accepted the fence as the true south boundary of the Dreazy tract, and agreed that the point of beginning of the description of his land should be at the conjunction of the old fence line with the east line of lot three.

In the spring of 1946, Mrs. Light determined to divide her property into tracts for sale, and was compelled to have it surveyed. The evidence showed that, at all times prior to the survey, the people connected with the properties considered the old fence to be the south boundary line of lot three. The survey disclosed that the old line fence was not on the boundary line. In fact, the east end of the fence was 33.11 feet north of the government survey line of lot three, and 46.60 feet north of the southwest corner of lot three. Appellant had his property surveyed at the same time and concluded that the line between himself and Mrs. Dreazy should be 33.11 feet farther south.

Appellant stresses error on the part of the trial court in granting the motion to amend the complaint made at the trial. He argues that the theory of the respondents' original complaint was based upon adverse possession, that being correlated with the action against respondent Light, and that, under the complaint, as deemed amended to conform

to the proof, respondent Light had a cause of action against Dreazy only upon the theory of adverse possession, and respondent Dreazy had another, and entirely separate, cause of action against appellant, for reformation of warranty deed. It is the contention of appellant that these were two separate and distinct causes of action, did not affect all of the parties to the action, and constituted reversible error. We are unable to agree with appellant.

Rule of Practice 6, 18 Wn. (2d) 34-a, provides in part:

"(1) The plaintiff, at any time before the service of the answer, may amend his complaint without leave of court.

"(2) The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit, or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any other reason, the granting of the motion would be unjust.

"(3) Subject to the rules as to joinder of parties and of causes of action, an amendment to the complaint may introduce any new or different cause of action, or add new or different parties."

■ Under this rule, it was entirely proper for the court to grant the motion to amend so that a decision upon the merits, as presented by the evidence, could be made. Appellant did not ask for a continuance in order to meet the issues raised by the amendment. He is now in no position to complain.

Aside from the reason just given, it is clearly apparent that the court had a right, and it was its duty, to consider all the evidence in support of the demand contained in the pleading for a decree establishing a boundary line between respondents and appellant.

■ Respondents call our attention to Rem. Rev. Stat., § 809 [P.P.C. § 24-37], which provides for an action in equity

to be maintained to establish boundary lines which have been lost, or have become obscure or uncertain. Whether this statute applies, is immaterial. In any event, the parties to this action were unable to agree as to the true boundary line, and appellant was bent upon having his south line determined by the government survey. A consideration of the plat indicates that much confusion and hardship would result if we agreed with appellant's contention. Mrs. Dreazy's land would be divided into two parts—one, south of appellant's land, and a small one, north of appellant's land which she had deeded to him. Then, too, the southern boundary line of appellant's property would pass through what is designated the "Dreazy Cabin." In such instances a court of equity will entertain actions to determine true boundary lines upon the merits as shown by the undisputed evidence.

There can be no difference of opinion as to the justice of respondents' cause. It was definitely decided by the parties concerned that the southeast point of appellant's land, deeded to him by Mrs. Dreazy, should be thirty feet west, and one hundred fifty feet north of the southeast corner of lot three, and it was the opinion and conclusion of all concerned that the old fence line, as it connected with the east line of lot three, made the southeast corner of lot three. Appellant purchased a piece of property, and he secured just that definite parcel of real estate which was pointed out to him at the time he purchased it. Appellant was not misled, or in any way injured. He secured just what he bargained for and cannot now complain. This conclusion is supported by the following decisions of this court concerning boundaries: *Turner v. Creech,* 58 Wash. 439, 108 Pac. 1084; *Roe v. Walsh,* 76 Wash. 148, 135 Pac. 1031, 136 Pac. 1146; *Rose v. Fletcher,* 83 Wash. 623, 145 Pac. 989; and *Windsor v. Bourcier,* 21 Wn. (2d) 313, 150 P. (2d) 717.

The judgment of the trial court is affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and ABEL, JJ., concur.