[No. 419-2. Division Two. December 30, 1971.]

LOUIS J. BURKEY et al., *Respondents*, v. GENE S. BAKER et al.,
*Appellants*.

*George Kelley* (of *Skoog & Mullin*), for appellants.

*Stanley J. Burkey* (of *Burkey, Marsico, Rovai & Mc-Goffin*), for respondents.

PETRIE, C.J.—This is a boundary line dispute. Defendants, Baker, hold record title to the north 100 feet, and plaintiffs, Burkey, hold record title to the south 100 feet of the north 200 feet of a tract of property in Pierce County, the western boundary of which is the government meander line on Henderson Bay. The boundary in dispute, therefore,

is the common east-west boundary line between Baker on the north and Burkey on the south.

In 1966 each party hired his own surveyor to run this common line. With minor exceptions, not at all material to this appeal, there is agreement as to the survey line. Baker has insisted that the survey line is the true boundary and that it conforms to his understanding of a prior survey run in 1947. Burkey has insisted, on the other hand, that Baker is estopped from denying that the true line is represented by a "line" of evergreen trees planted by Baker's son-in-law in 1956. Burkey filed a complaint to quiet title to the land in dispute and sought to have the court establish the common boundary line pursuant to his understanding of the line. Baker denied the material allegations and asked the court to establish the surveyed line as the true boundary. The trial court accepted Burkey's contention and divested Baker of a triangular parcel of land (approximately 35 feet of waterfront property). This appeal followed.

 Baker has assigned error to six findings of fact entered by the trial court. It requires clear, cogent and convincing evidence to estop an owner out of a legal title to real property, *Tyree v. Gosa,* 11 Wn.2d 572, 119 P.2d 926 (1941); *Arnold v. Melani,* 75 Wn.2d 143, 449 P.2d 800 (1968). In our review to ascertain whether or not there is substantial evidence to support the challenged findings, we must be cognizant that evidence which is "substantial" to support a preponderance test may not be sufficient to support the requirements for a test requiring clear, cogent and convincing evidence. *In re Estate of Reilly,* 78 Wn.2d 623, 479 P.2d 1 (1970). Nevertheless, our review of the record leads us to conclude that there is substantial evidence to support all of the trial court's findings. Our search narrows, therefore, to whether or not the facts support the trial court's conclusion that Baker is estopped to deny the common boundary line is the line of trees planted in 1956.

In order that there be no question as to the precise facts

upon which we base our decision, we set forth in full the material facts as found by the trial court:

### 4.

That the defendants acquired their beach property in 1948 and proceeded to develop and improve the same by clearing trees and brush, constructing and expanding from time to time their cabin, installing lawns, terraces, flower beds, shrubs, outdoor fireplace, dock facilities, badminton court, and other substantial improvements to such extent that in 1959 their property had an appearance of being completely developed and in use. That in 1956, along the south side of their badminton court, and as a windbreak therefor, *defendants planted a line of evergreen trees, and generally totally improved and cleared the area north of such line of trees, and correspondingly made no improvements of any nature south thereof* until sometime in 1965 or 1966 after plaintiffs and defendants became involved in the present boundary line dispute.

### 5.

That at the time plaintiffs were considering the purchase of the beach property just south of defendants' property, plaintiffs noted the substantial improvements made by defendants north of said line of trees, and also noted the generally unimproved character of the property south thereof, which contained only an incomplete cabin, an ill-defined and overgrown roadway, the balance of the property being covered by trees and brush.

### 6.

That just prior to completing the purchase of their beach property the plaintiff, Louis J. Burkey, inquired of the defendant, Gene S. Baker, concerning the location of the common boundary line between their respective properties, and *was informed by the defendant, Gene S. Baker, that such boundary line was within a foot or two of the line of trees* planted along side of the badminton court. That on several subsequent occasions after plaintiffs purchased the property, the defendant, Gene S. Baker, confirmed the location of the common boundary line as being within a foot or two of the line of trees, and on one or more occasions these conversations were overheard by plaintiffs' sons, Patrick and Michael Burkey, and by their employee, LaVerne Koehler.

### 7.

The Court finds that after purchasing the property in 1959, the plaintiffs immediately undertook the improvement thereof, and in the winter or early spring of *1960 installed a wooden bulkhead along the entire water front of their property, and up to a point coinciding with a line extended to the water's edge through the line of trees* planted by defendants. The Court also finds that within the disputed area the plaintiffs also installed a drain field north of their cabin; constructed and maintained over the drain field a portable tent platform for the childrens' tents or for lawn furniture; constructed and maintained a boat ramp, boat hoist and storage area just over the north end of the bulkhead, and on different occasions tried to plant grass in the area north and west of their cabin and in the area now claimed by defendants.

### 8.

The Court finds that the trees planted by the defendants along side the badminton court were planted more in a line than in a group; that such line of trees generally paralleled the clearly improved areas belonging to the defendants, and that *such line of trees also ran generally parallel to the property lines claimed by those owning property immediately south of plaintiffs' property.*

### 9.

The Court finds that the *plaintiffs purchased their tract of beach property and subsequently developed and improved the same in reliance upon the statements of the defendant,* Gene S. Baker, concerning the location of their common boundary line. The Court further finds that *plaintiffs were entitled to rely upon such statements* by the defendant, Gene S. Baker, particularly where such statements were consistent with the apparent development of other beach properties to the south. The Court further finds that *relying upon such statements* concerning the location of their common boundary line, the *plaintiffs expended substantial sums of money to build a bulkhead up to such boundary line* and to install a septic tank and drain field in the disputed area.

### 10.

The Court finds that at all times while the plaintiffs were installing the bulkhead, using the tent platform, raising, lowering and storing their boats from the boat

ramp and hoist, and attempting to plant a lawn or use as a spot to put lawn and garden furniture, between the disputed area, the defendants had full knowledge of such use of the construction of the improvements, made no complaint thereof in any fashion whatsoever, never claimed that plaintiffs were on defendants' property and until a dispute did arise in 1965-66, *led plaintiffs to believe plaintiffs were properly upon their own property.*

## 11.

The Court finds that sometime in 1965, because of certain waterskiing activities by plaintiffs' children and their friends, the defendants became annoyed and commenced in a gradual fashion to make use of and to improve the property south of the line of trees, and when plaintiffs objected in writing to such use and improvement by the defendants, defendants then caused the property to be surveyed and a fence to be constructed along the survey line and to make complete use of the property up to the fence by putting in flower beds, clearing out trees and brush, and generally exercising exclusive control over the area up to the new fence.

## 12.

The Court finds that the survey line is substantially different than the former line of trees. That the survey line commences at the same common corner at the eastern edge of the parties' property but then runs diagonally south across the property which plaintiffs formerly believed they owned, diagonally across and in front of plaintiffs' cabin, south of their septic tank and drain field, south of their tent platform, and south of the area utilized for hauling up and storing boats, and intersects the bulkhead constructed by plaintiffs at a point approximately 35 feet south of where the former property line was believed to exist.

## 13.

That the disputed area of land consists of a triangular parcel having a frontage of 35 feet at the beach line and along the bulkhead constructed by the plaintiffs and coming to a point at about the midpoint of the east-west line between plaintiffs' and defendants' properties.

(Italics ours.)

▮ We are forced at this point to examine the specific criteria which prevail in this jurisdiction to satisfy the

requirements of equitable estoppel, particularly as they are applied to the alteration of record titles to land. Broadly speaking, there are generally three required elements:

(1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Arnold v. Melani, supra* at 147; *Thomas v. Harlan*, 27 Wn.2d 512, 178 P.2d 965, 170 A.L.R. 1138 (1947). The listed elements are necessary to establish an equitable estoppel; but they are not necessarily alone sufficient. Absent fraud or misrepresentation, only those who have *reasonably relied* upon such acts or representations may raise an estoppel. *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271, 461 P.2d 538 (1969). Further, the party claiming estoppel must have been misled by the representation made. *Den Adel v. Blattman,* 57 Wn.2d 337, 357 P.2d 159 (1960).

In the case at bar, the trial court specifically found that Burkey purchased, developed and improved his property in reliance upon Baker's statements concerning the location of their common boundary line; and further found that Burkey was entitled to rely upon such statements, particularly where such statements were consistent with the apparent development of other beach properties to the south. We might add—particularly, also, where such statements are consistent with the apparent development of Baker's own property. Even though such findings by the trial court be considered conclusional findings, we are convinced that the facts amply support the court's conclusion. Furthermore, no error has been assigned to the trial court's finding that Baker led Burkey to believe Burkey was properly on his own property.

Baker points to other factual matters which would tend to indicate that Burkey either did not rely or had no right to rely upon Baker's statements. Particularly, Baker refers to the acknowledged fact that Burkey is a lawyer

and for years has been manager of a title insurance company. Most certainly knowledgeability in the specific field in which estoppel is claimed is an important element in the resolution of a disputed reliance or right to rely. *Thomas v. Harlan, supra; Leonard v. Washington Employers, Inc., supra.* There is every indication that the trial court considered this element and nevertheless resolved the specific issues contrary to Baker's contention. So long as there is substantial evidence in the record to support the trial court's resolution, and we have found that there is, we cannot determine otherwise.

Baker also contends on appeal that the trial court arbitrarily drew the new boundary line. We do not agree. The line was drawn by sighting inland along the northerly most section of Burkey's bulkhead—which the record clearly discloses was constructed consistent with the line of trees—to the intersection of that sighted line with the survey line. The new line was quite consistent with the record.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.