[No. 1091-2.    Division Two.    October 11, 1974.]

FEDERAL WAY DISPOSAL COMPANY *et al., Appellants,* v. THE CITY OF TACOMA, *Respondent.*

*Robert M. Smythe* and *Schneider, Smythe, Salley & VanSiclen,* for appellants.

*Robert R. Hamilton, City Attorney,* and *F. H. Chapin, Jr., William J. Barker,* and *Robert D. Weisfield,* for respondent.

ARMSTRONG, J.—This action was commenced by Federal Way Disposal Company and David Murray, d/b/a Points Garbage Company (the Companies) seeking a declaratory judgment prohibiting the City of Tacoma (the City) from enforcing its universal mandatory municipal garbage collection ordinance and requiring the City to grant them garbage collection franchises for a minimum of 5 years.

Two issues are raised by this appeal. (1) Should RCW

35.13.280, under which a state-issued garbage collection permit is voided by annexation of an area by a first class city, be given retroactive effect? (2) Is the City of Tacoma equitably estopped from enforcing its universal mandatory municipal garbage collection ordinance against two collection companies operating in Tacoma for several years?

The facts of this case are not in dispute. Since 1929, the City has had a universal mandatory municipal garbage collection ordinance.[1] Various sections of what is now known as northeast Tacoma were annexed to the city in 1927, 1948, 1951 and 1959 and, therefore, since annexation, have been covered by the ordinance.

Under permits issued by the State of Washington, the Companies had been operating garbage collection routes in these sections since 1959. Evidence was presented that the predecessors in interest to at least one of the companies had collected garbage in the area from the early 1930's until 1959. The trial court made no finding of fact to this effect, but did find that private companies had operated in the area since 1935. The City did nothing to enforce the 1929 ordinance against any private company before 1967.

In 1957, RCW 35.13.280 was enacted. It provides that annexation of an area by a first class city (which Tacoma is) cancels any garbage collection permit issued to a private company by the State of Washington. Further, the annexing city is required to grant a garbage collection franchise to any such company for a minimum of 5 years and to no competitor as long as the company is adequately performing collection services for a reasonable fee. The City did not exercise its rights under this statute in the areas in dispute.

In 1967, the City sent letters informing the Companies that it was considering enforcing the 1929 ordinance. After discussions with the Companies at a city council meeting,

---

[1] The most recent is City of Tacoma Ordinance No. 15147, November 1, 1954, *as amended by* Ordinance No. 15996, December 16, 1957; Ordinance No. 19082, April 14, 1970. The ordinance provides exceptions for isolated areas, but the areas in dispute are not excepted. *Id.* § 5.

the City agreed to allow the Companies to continue collection, subject to 60 days' notice of termination. Such notice was given in October 1972 and municipal collection began in January 1973.

The trial court found that under RCW 35.13.280 the City was required to issue a formal permit for a minimum of 5 years to the company operating in the area annexed in 1959. However, it held that RCW 35.13.280 would not apply retroactively to areas annexed before its enactment in 1957.

The judgment as to the area annexed in 1959 was not appealed by the City. The Companies have appealed from the court's refusal to require the City to grant them 5-year franchises in the areas annexed in 1927, 1948 and 1951.

■■ The Companies have raised two issues on appeal. First, should RCW 35.13.280 be given retroactive effect? If so, the City would be required to grant the franchises sought. The rule was stated in *Baker v. Baker*, 80 Wn.2d 736, 741, 498 P.2d 315, 318 (1972). Statutes are prospective only, unless a contrary legislative intent is "clearly expressed or to be implied." The Companies cite no authority to the contrary. Rather, they argue that the statute applies to them because the City did not exercise any rights under the 1929 ordinance until 10 years after RCW 35.13.280 was enacted. Not only is no authority cited for this proposition, but also the logical connection which the Companies attempt to draw cannot be accepted. There is no legal principle which alters the prospective effect of a statute on the basis of failure to utilize the duties or rights granted under it.

■ Second, is the City equitably estopped from asserting rights under the 1929 ordinance several years after areas served by the Companies are annexed to the City? Although application of the doctrine of equitable estoppel to municipalities may be different in some respects from its application to private parties,[2] it nevertheless requires: (1)

---

[2] Generally, equitable estoppel applies to government subdivisions unless application of the doctrine would interfere with exercise of governmental duties or the act relied upon is ultra vires. *Finch v.*

an admission, statement, or affirmative act inconsistent with the claim; (2) action by another party in reasonable reliance on such admission, statement or affirmative act; (3) resulting injury to the relying party if the other is allowed to repudiate its admission or act. *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271, 280, 461 P.2d 538, 544 (1969); *Burkey v. Baker*, 6 Wn. App. 243, 492 P.2d 563, 566-67 (1971).

None of these elements is present in this case. First, failure to enforce the 1929 ordinance was not an affirmative act; rather, it was inaction. *See Bignold v. King County*, 65 Wn.2d 817, 399 P.2d 611 (1965) (order to halt construction of public road was affirmative act); *Martin v. Spokane*, 55 Wn.2d 52, 345 P.2d 1113 (1959) (acceptance of check was not an affirmative act).

Second, any reliance upon the inaction of the City was not reasonable. The president of Federal Way Disposal Company testified that he purchased a $15,000 piece of collection equipment just prior to being informed by the City in 1967 that it was considering enforcing the 1929 ordinance. In 1971, he purchased a $21,000 truck and presently has another truck on order. On cross-examination he admitted that the equipment would also be used on collection routes other than those in the areas in dispute. The wife of the owner of Points Garbage Company testified that in 1971 they purchased equipment specifically for use in the areas in dispute, but that it was used in other areas 3 days each week. There is some question whether this equipment was purchased in reliance upon the City's inaction. However, even if it was, the reliance was not reasonable. After 1967, the Companies were clearly aware that the City was seriously considering enforcement of the 1929 ordinance for public health reasons and that at any time, they could give 60-days' notice to terminate.

Third, any injury to the Companies is not directly related to their reliance upon the City's inaction. They may suffer

*Matthews*, 74 Wn.2d 161, 169-70, 443 P.2d 833, 839 (1968). Neither exception applies here.

898

a loss because their overhead—the equipment purchased and employees which under a union contract they may not discharge—will remain constant while their revenues will decrease. However, the requisite causation is not present. Even an immediate enforcement of a change in the law would have caused injury. Moreover, any injury occasioned by investment in equipment was minimal. Equipment purchased after 1967 as well as that purchased before 1967 (and, therefore, arguably done in reasonable reliance) was used in areas other than those in dispute.

There being no reason why the City may not enforce universal mandatory municipal garbage collection, the judgment is affirmed.

PEARSON, C.J., and PETRIE, J., concur.